B 104 (10/06)

08-90513

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

```
Case No: 08-09019-LA7   MARCUS FAMILY LAW CENTER, PLC
Debtor.:
Judge..: LAURA TAYLOR
Chapter: AD
------------------------------
Filed  : November 17, 2008  15:12:25
Deputy : T SCHMIDT
Receipt: 200898
Amount : $250.00
------------------------------
```

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Marcus Family Law Center, PLC | Samuel E. Singh |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Ethan J. Marcus, Esq.<br>Marcus Family Law Center, PLC<br>732 State Street<br>El Centro, CA 92243<br>(760) 352-2800 | John F. Lenderman<br>303 So. 8th Street<br>El Centro, CA 92243<br>(760) 353-7949 |

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☒ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**1 - Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A)**
**2 - Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 727(a)(5)**
**3 - Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 727(a)(2)**
**4 - Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 727(a)(4)(A)**

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11 - Recovery of money/property - § 542 turnover of property
- ☐ 12 - Recovery of money/property - § 547 preference
- ☐ 13 - Recovery of money/property - § 548 fraudulent transfer
- ☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- ☐ 1  62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 - Dischargeability - § 523(a)(5), domestic support
- ☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- ☐ 63 - Dischargeability - § 523(a)(8), student loan
- ☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 2-4  65 - Dischargeability - other §727(a)(5), §727(a)(2), and §727(a)(4)(A)

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71 - Injunctive relief - reinstatement of stay
- ☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 - Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case - 15 U.S.C. §§ 78aaa et.seq.
- ☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $12,947.98 plus interest, late fees, attorney's fees, costs of suit, and such other or further relief as the court may deem proper |

Other Relief Sought

See demand paragraph above

B 104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br><br>SAMUEL E. SINGH || BANKRUPTCY CASE NO.<br><br>08-07659-LT7 |
| DISTRICT IN WHICH CASE IS PENDING<br><br>SOUTHERN | DIVISIONAL OFFICE<br><br>SAN DIEGO | NAME OF JUDGE<br><br>LAURA TAYLOR |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF<br><br>MARCUS FAMILY LAW CENTER, PLC | DEFENDANT<br><br>SAMUEL E. SINGH | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br><br>SOUTHERN | DIVISIONAL OFFICE<br><br>SAN DIEGO | NAME OF JUDGE<br><br>LAURA TAYLOR |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| DATE<br><br>NOVEMBER 17, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>ETHAN J. MARCUS |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Case # : 08-90513-LTAD
Debtor.: MARCUS FAMILY LAW CENTER, PLC
Judge..: LAURA TAYLOR
Chapter: AD
----------------------------------------
Filed  : November 17, 2008  15:12:25
Deputy : T SCHMIDT
Receipt: 200898
Amount : $250.00
----------------------------------------

1  MARCUS FAMILY LAW CENTER, PLC
   ERIN K. TOMLINSON, BAR #246499
2  ETHAN J. MARCUS, BAR #152240
   CERTIFIED SPECIALIST, FAMILY LAW
3  THE STATE BAR OF CALIFORNIA
   BOARD OF LEGAL SPECIALIZATION
4  732 STATE STREET
   EL CENTRO, CA 92243
5  Telephone:  760/352-2800

6

7

8                UNITED STATES BANKRUPTCY COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10 In Re                              )  Chapter 7
11                                    )
   SAMUEL E. SINGH, Debtor            )  CASE NO. 08-07659-LT7
12 _____)
   MARCUS FAMILY LAW CENTER, PLC,    )  ADV. PROC.
13                                    )
              Plaintiff,              )  **COMPLAINT TO DETERMINE**
14                                    )  **NONDISCHARGEABILITY OF DEBT**
   v.                                 )
15                                    )
   SAMUEL E. SINGH,                   )
16                                    )
              Defendant.              )  JUDGE:  Honorable LAURA TAYLOR
17 _____)

18

19              <u>**JURISDICTION AND VENUE**</u>

20      1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

21 §1334 because it arises under and is related to the above-referenced bankruptcy case.

22      2.     Venue is proper in the Southern District of California in accordance with 28

23 U.S.C. § 1409(a) because this case arises in or is related to the above-referenced bankruptcy case.

24      3.     This matter constitutes a core proceeding to be heard and determined by the

25 Bankruptcy Court on the dischargeability of a particular debt in accordance with 28 U.S.C. §

26 157(b)(2)(A), (H), and (I).

27      4.     On or about August 13, 2008, Defendant filed a voluntary Chapter 7 bankruptcy

28

1 | petition in the United States Bankruptcy Court for the Southern District of California, Petition No.

2 | 08-07659-LT7.  This Complaint is timely, the deadline for such is November 18, 2008.

3 | ## FACTUAL BACKGROUND

5 |     5.    Marcus Family Law Center, PLC is, and at all times herein mentioned was, a law

6 | office, authorized to do business as Marcus Family Law Center, PLC, and doing business as Marcus

7 | Family Law Center, PLC in the State of California.

8 |     6.    Marcus Family Law Center, PLC is informed and believes and thereon alleges that

9 | Defendant was at all times herein a resident of the State of California, County of Imperial.

10 |     7.    In and around 2008, SINGH, incurred legal fees in excess of his retainer and

11 | additional amounts he had paid to Marcus Family Law Center, PLC for the purpose of

12 | representation in his divorce action.

13 |     8.    As a prerequisite to obtaining the services which exceeded the amounts he had paid

14 | to Marcus Family Law Center, PLC, SINGH was required to sign an agreement that Marcus Family

15 | Law Center, PLC shall have a lien upon any money or property awarded or payable to SINGH in

16 | his divorce proceeding for any sums due under his fee agreement.  SINGH signed such agreement.

17 | A true and correct copy of the Fee Agreement is attached hereto as **Exhibit "A"** and is incorporated

18 | herein by reference.  Marcus Family Law Center, PLC, continued to provide services to SINGH in

19 | excess of the amount he had paid for due to the lien and the fact that it was clear that SINGH would

20 | be receiving an equalization payment in the final Judgment in the Dissolution case, which would

21 | exceed the amount being charged.  SINGH deliberately and fraudulently arranged for direct payment

22 | of the equalization payment to himself rather than Marcus Family Law Center, PLC, in order to

23 | avoid lien.  He then withheld from Marcus Family Law Center, PLC that he received the

24 | equalization payment and quickly attempted to start concealing/transferring the money  when

25 | Marcus Family Law Center, PLC inquired as to his receipt of the money.   If Marcus Family Law

26 | Center, PLC had known that SINGH, would purposely and fraudulently avoid the lien, Marcus

27 | Family Law Center, PLC would not have continued to render services for which charges would

28 | exceed the amounts previously paid, absent a new deposit for future fees.

9.    Based on and in reliance on the agreement signed by SINGH, on or about August 28, 2006, Marcus Family Law Center, PLC agreed to and extended representation to SINGH for his Settlement Conference and Trial and preparation therefore.

10.    On or about June 27, 2008, SINGH received $28,686.50 which was the equalization payment on which Marcus Family Law Center, PLC had a charging lien pursuant to the Fee Agreement signed by SINGH.  SINGH defaulted by failing to pay from the equalization payment to Marcus Family Law Center, PLC the amount he then owed ($12,472.74) for his representation in his dissolution.

11.    SINGH admits that he received $28,686.50 on June 27, 2008 in his Statement of Affairs which he filed with the Bankruptcy Court on or about August 13, 2008.  After receipt of those funds and prior to filing the Bankruptcy, the only payments outside of normal living expenses which SINGH admits to are: 1) that SINGH paid $2,190 to the Law Offices of JOHN F. Lenderman on July 4, 2008; and 2) the same day, that SINGH hired his bankruptcy attorney, he also paid $12,819.04 to Wachovia Dealer Services for the purchase of a new vehicle.  After making the payment for his attorney and his new car, SINGH would have $13,677 remaining.  SINGH does not account for the remainder of the proceeds from the money he received June 27, 2008 in his papers which he signed August 12, 2008, only 47 days after receiving the money.

12.    Marcus Family Law Center, PLC is informed and believes and thereon alleges that SINGH filed for Chapter bankruptcy relief on August 13, 2008, in the Southern District of California, Case No. 08-07659-LT7.

13.    Had Marcus Family Law Center, PLC known that SINGH did not intend to honor the lien on the equalization payment, and would take actions to purposely avoid the lien, Marcus Family Law Center, PLC would not have continued to provide services, once there was no money on deposit for SINGH.

14.    SINGH is indebted to Marcus Family Law Center, PLC for the principal sum of $12,947.98 as of July 31, 2008, plus accruing interest thereafter at the current rate of 18% ($6.39 per diem), costs, late charges, and attorneys' fees as provided in the Loan Agreement and Guarantee,

according to proof.

## FIRST CLAIM FOR RELIEF

### (Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))

15.    Marcus Family Law Center, PLC realleges and incorporates herein by reference all allegations set forth in paragraphs 1 through 14, above.

16.    Marcus Family Law Center, PLC is informed and believes and thereon alleges that SINGH owed Marcus Family Law Center, PLC a debt for money and/or an extension of credit which SINGH obtained by false pretenses, a false representation, or actual fraud.

17.    Marcus Family Law Center, PLC justifiably relied on such representations from SINGH as set forth above and alleges that SINGH has committed a fraud upon Marcus Family Law Center, PLC within the meaning of 11 U.S.C. § 523(a)(2)(A).

18.    As a direct and proximate result of SINGH's fraud, Marcus Family Law Center, PLC has been damaged as set forth in paragraph 14, above, and the debt owed by SINGH to Marcus Family Law Center, PLC should be deemed non-dischargeable pursuant to Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

### (Determination of Dischargeability of Debt Pursuant to 11 U.S.C. Section 727(a)(5))

19.    Marcus Family Law Center, PLC realleges and incorporates paragraphs 1-18 above.

20.    SINGH failed to explain satisfactorily a loss of assets.  SINGH admits that he received $28,686.50 on June 27, 2008 in his Statement of Affairs which he filed with the Bankruptcy Court on or about August 13, 2008.  After receipt of those funds and prior to filing the Bankruptcy, the only payments outside of normal living expenses which SINGH admits to are: 1) that SINGH paid $2,190 to the Law Offices of JOHN F. Lenderman on July 4, 2008; and 2) the same day, that SINGH hired his bankruptcy attorney, he also paid $12,819.04 to Wachovia Dealer Services for the purchase of a new vehicle.  That left SINGH with $13,677.46.  After making the payment for his attorney and his new car, SINGH would have $13,677 remaining.  SINGH does not account for the remainder of the proceeds from the money he received June 27, 2008 in his papers which he signed

August 12, 2008, only 47 days after receiving the money. There is not a satisfactory explanation of the loss of that remaining money.

## THIRD CLAIM FOR RELIEF

**(Determination of Dischargeability of Debt Pursuant to 11 U.S.C. Section 727(a)(2))**

21.     Marcus Family Law Center, PLC realleges and incorporates paragraphs 1-20 above.

22.     SINGH, with intent to hinder, delay, or defraud Marcus Family Law Center, PLC has transferred his property within one year before the date of the filing of the petition. The same day that SINGH hired his bankruptcy attorney, he also went and paid $12,819.04 on a new vehicle in order to hinder and defraud Marcus Family Law Center, PLC.

23.     It appears that SINGH has transferred, removed, destroyed, or concealed the $13,677.46 referenced in paragraph 11 above. SINGH does not disclose the whereabouts of the $13,677.46 nor does he show any assets being purchased with the money; therefore, SINGH must have transferred, removed, destroyed, or concealed the $13,677.46.

## FOURTH CLAIM FOR RELIEF

**(Determination of Dischargeability of Debt Pursuant to 11 U.S.C. Section 727(a)(4)(A))**

24.     Marcus Family Law Center, PLC realleges and incorporates paragraphs 1-23 above.

25.     SINGH made a false oath or account in connection with his Bankruptcy case. SINGH does not disclose the whereabouts of the $13,677.46 referenced in paragraph 11 above. If he did not transfer or conceal the money, he still had the money in his possession at the time of filing and failed to disclose such.

WHEREFORE, Marcus Family Law Center, PLC prays for relief as follows:

1.     That the Court enter Judgment in favor of Marcus Family Law Center, PLC denying the discharge of SINGH's debt owed to Marcus Family Law Center, PLC, and a decree that said debt is fully enforceable and not dischargeable, notwithstanding the filing by SINGH of this or any other Bankruptcy case and any injunction imposed pursuant thereto;

2.    For Judgment in favor of Marcus Family Law Center, PLC in the principal amount of $12,947.98;

3.    For accruing interest at the current rate of 1.5% per month, according to proof;

4.    For late fees according to proof;

5.    Attorney's fees;

6.    For costs of suit; and

7.    For such other and further relief permitted by law, or as the Court may deem proper.

Dated: __11/17/08__                    _____

ETHAN J. MARCUS

MARCUS FAMILY LAW CENTER, PLC

## FEE AGREEMENT

CLIENT retains and employs THE MARCUS FAMILY LAW CENTER, PLC as CLIENT's attorney in connection with: Dom

CLIENT acknowledges receipt of Fee Schedules rev. 02/of/05 (subject to reasonable change without prior notice) and agrees to pay:

I.   $ 2700  as a retainer before THE MARCUS FAMILY LAW CENTER, PLC proceeds with this matter. This retainer assures the availability of services in this matter, and will be credited against any fees incurred by CLIENT for legal services only, not for any other costs (which shall handled separately). THE MARCUS FAMILY LAW CENTER, PLC reserves the right to ask that the retainer be reasonably replenished or increased as legal services are rendered if THE MARCUS FAMILY LAW CENTER, PLC deems it likely that fees for legal services will exceed the retainer balance.

II.  $ 3000  as a minimum fee for the representation pursuant to Schedule(s)  B + C . hourly fees pursuant to Schedule F, and incidental costs including but not limited to those shown in Schedule G. The minimum fee is based on an estimate of the work required in the matter based on CLIENT's representations of CLIENT'S situation and goals. Should the actual facts be at variance with CLIENT's representations, THE MARCUS FAMILY LAW CENTER, PLC reserves the right to charge additional fees as circumstances should dictate pursuant to the appropriate Schedules. Additional fees shall also be charged should CLIENT wish to Appeal, or employ THE MARCUS FAMILY LAW CENTER, PLC for matters beyond those originally contemplated

III. $ 60.00  as a deposit for filing fees, court costs, interpreter fees, and other costs. THE MARCUS FAMILY LAW CENTER, PLC shall advance such fees and costs and debit them against the deposit until said deposit is exhausted. Future payments of such fees and costs, whether or not they be advanced by THE MARCUS FAMILY LAW CENTER, PLC, shall be the responsibility of CLIENT. THE MARCUS FAMILY LAW CENTER, PLC reserves the right to ask that the deposit be reasonably replenished or increased as fees and costs are incurred if THE MARCUS FAMILY LAW CENTER, PLC deems it likely that such fees and costs will exceed the deposit balance.

CLIENT acknowledges and agrees that in addition to services rendered by THE MARCUS FAMILY LAW CENTER, PLC, it may become necessary to incur expenses for accounting assistance, appraiser reports, actuaries, depositions, investigators, expert witness fees and ordinary witness fees at trial. Charges for these services will be added to charges for legal services and will be CLIENT's sole liability.

If appropriate, THE MARCUS FAMILY LAW CENTER, PLC will attempt to secure payment of fees and costs from the opposing party, or by an order of court as a charge to the opposing party. Any payment actually received will be credited to the total fee owed by CLIENT, but the unpaid balance will be CLIENT's individual responsibility. THE MARCUS FAMILY LAW CENTER, PLC does not guarantee any attorney fee award against the opposing party or actual payment by the opposing party even if such an award is made. Thus, all fees and expenses incurred by CLIENT to THE MARCUS FAMILY LAW CENTER, PLC may be payable wholly by CLIENT.

Attorney fees will be billed as work is performed and expenses are incurred. Payment is due immediately upon receipt by CLIENT of a current bill. Any balance over one month past due shall be subject to a finance charge pursuant to Schedule J (which is subject to reasonable change without prior notice). THE MARCUS FAMILY LAW CENTER, PLC shall have a lien upon any money or property awarded or payable to CLIENT in this proceeding for any sums due under this Agreement.

In representing CLIENT, THE MARCUS FAMILY LAW CENTER, PLC does not warrant or predict results, outcome or final judgment in the proceeding. THE MARCUS FAMILY LAW CENTER, PLC will at all times render faithful and diligent service, seeking results that are legally in CLIENT's best interests.

In the absence of specific instructions from CLIENT, THE MARCUS FAMILY LAW CENTER, PLC reserves the right to make strategy and policy decisions. CLIENT's approval shall be required for any settlement affecting CLIENT's personal rights or obligations, or any contested issue in the case. THE MARCUS FAMILY LAW CENTER, PLC retains the sole right to make decisions relating to tactics or procedures including the scheduling or continuance of hearings or court appearances.

THE MARCUS FAMILY LAW CENTER, PLC does not expect CLIENT to pay for charges CLIENT does not understand or for charges which are incorrect. Therefore, it is imperative that any misunderstandings or billing errors be resolved immediately. Any dispute CLIENT may have concerning any statement or item thereon must be presented to THE MARCUS FAMILY LAW CENTER, PLC within 30 days of receipt of the statement, or the statement will be presumed correct. CLIENT is always entitled to a current itemized statement of charges and services.

CLIENT and THE MARCUS FAMILY LAW CENTER, PLC will cooperate with each other in carrying out the purposes of this agreement. In the event that THE MARCUS FAMILY LAW CENTER, PLC is required to seek enforcement of this agreement in or out of court, by way of settlement, negotiation, or litigation, CLIENT agrees that CLIENT is responsible for reasonable attorney fees and costs of collection. CLIENT further agrees that if payment of fees or expenses is not made promptly after billing, CLIENT will not be entitled to further representation in this matter.

COSIGNER(s) agree(s) to be responsible, jointly and severally, for CLIENT's fees and costs
I/we have read and understand the terms and conditions of the foregoing and accept the agreement this date.
I/we understand that I/we have the right to review this agreement with another attorney.

DATED: 5-28-06        CLIENT:_____        COSIGNER(s):_____