```
MARCUS FAMILY LAW CENTER, PLC
ERIN K. TOMLINSON, BAR #246499
ETHAN J. MARCUS, BAR #152240
CERTIFIED SPECIALIST, FAMILY LAW
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION
732 STATE STREET
EL CENTRO, CA 92243
Telephone: 760/352-2800
```

FILED KD
2009 JAN 14 PM 1:55
CLERK
U S BANKRUPTCY CT
SO. DIST. OF CALIF

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re ) | Chapter 7 |
| ) | |
| SAMUEL E. SINGH, Debtor ) | CASE NO. 08-07659-LT7 |
| _____ ) | |
| SAMUEL E. SINGH, ) | ADV. PROC. NO. 08-90513 |
| ) | |
| Cross-Claimant, ) | ANSWER TO CROSS CLAIM TO |
| ) | DETERMINE NONDISCHAREABILITY |
| v. ) | OF DEBT |
| ) | |
| MARCUS FAMILY LAW CENTER, PLC. ) | |
| AND ETHAN MARCUS ) | |
| ) | |
| Cross-Defendants. ) | JUDGE: Honorable LAURA TAYLOR |
| _____ ) | |

1. COMES NOW Cross-Defendant, MARCUS FAMILY LAW CENTER, PLC, who answers Cross-Claimant's Cross-Claim on file herein as follows:

2. The answering Defendant does not contest the jurisdictional/venue contentions in paragraphs 1 through 3 of the Cross-Claim.

2. The answering Defendant herein lacks sufficient information and belief to answer the allegations in paragraph 4 of the Cross-Claim, and basing its denial on this ground, denies each allegation therein.

3. The answering Defendant herein admits the allegation contained in paragraph 5 of the Cross-Claim as it applies to MARCUS FAMILY LAW CENTER, PLC, and denies the allegation as it applies to ETHAN MARCUS.

4. The answering Defendant herein admits the allegation in paragraph 6 of the Cross-Claim except as to the vague and ambiguous language "at their insistence," which is denied.

5. The answering Defendant herein denies the allegation in paragraph 7 of the Cross-Claim that "Cross-Claimant was induced" to do anything, but admits that the signing of the contract was a condition of retention for legal services.

1  6. The answering Defendant herein denies the allegation in paragraph 8 of the Cross-Claim.

2  7. The answering Defendant herein denies the allegation in paragraph 9 of the Cross-Claim that disclosures were "required by the Truth in Lending Act 15 USC section 1601 et. Seq., in connection with this transaction," and that any such requirements were not met.

4  8. The answering Defendant herein denies the allegation in paragraph 10 of the Cross-Claim.

## FIRST AFFIRMATIVE DEFENSE TO CROSS-CLAIM

9. Cross-claimant's Cross-Claim and every purported cause of action therein fails to set forth facts sufficient to state a claim pursuant to 15 USC section 1601, et. seq. as to this answering Defendant and ETHAN MARCUS.

WHEREFORE, Cross-Defendant prays as follows:

1. That Cross-Claimant take nothing by his Cross-Claim on file herein;

2. That judgment be entered in the within action in favor of this answering Cross-Defendant and against the Cross-Claimant upon the issues in the Cross-Claim;

3. For cost of suit herein incurred;

4. For attorney fees;

5. For such other relief as the court deem just

Dated: 1/14/09

ETHAN J. MARCUS
MARCUS FAMILY LAW CENTER, PLC