```
JOHN F. LENDERMAN  #82269
Attorney at Law
303 South 8th Street
El Centro, California  92243
Telephone: (760) 353-7949


Attorney for SAMUEL E. SINGH
```

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SAMUEL E. SINGH<br><br>    Debtor<br>_____<br>MARCUS FAMILY LAW CENTER, PLC<br><br>    Plaintiff,<br><br>-vs-<br><br>SAMUEL E. SINGH,<br><br>    Defendant.<br>_____<br>SAMUEL E. SINGH<br><br>    Cross-Claimant,<br><br>-vs-<br><br>MARCUS FAMILY LAW CENTER, PLC<br>AND ETHAN MARCUS<br><br>    Cross-Defendant. | CASE NO.: 08-07659-T7<br><br>POST TRIAL BRIEF<br><br><br>ADVERSARY NO.: 08-90513 |

    Comes now the debtor by and through his counsel who submits this post trial brief.  Plaintiff shall be referred to "MFLC" or "creditor" and all references shall be to the court filed

1

documents or the trial transcript which has references to page and line number.

### Facts

1. Creditor never showed to the 341(a) hearing (P106, L4-6).
2. Debtor complied with all trustee documentation and reporting requirements including account balances on date of filing. The meeting was concluded and trustee has taken no further action in this case.
3. The Adversary Proceeding (AP) was filed on day fifty-nine AFTER the 341(a) and past the time for any trustee to object to any claimed exemption.
4. Debtor was not sophisticated and sincere through his testimony (P41, L4-L21) and he had trouble remembering dates through the hearing.
5. He did pay one-half of the creditor's fee to divide the pension but the work was not being done (P118, L19-P119 L2) and the debtor had limited resources to pay per his testimony and Schedules I & J (P124, L9-L22). His expenses exceeded his income (P40, L8-L20).
6. We note that all creditors especially MFLC were on notice of this debtor's limited means including the fact that he pays support.
7. Creditor did work on receivables and was to collect after trial (P133, L14-17) and the debtor did make limited payments (P134, L1-2).
8. The lead attorney working on the case had no personal knowledge of the account but understood payment would come from a house refinance (P137-L38). The **lead attorney suggested to**

2

1 | **debtor to file bankruptcy.** (P143).
2 | 9.   The one-half interest of wife's pension was in fact listed
3 | as unknown in Schedules and it was specifically referenced
4 | providing a trustee, creditor or any interested party notice to
5 | find the asset or conduct further inquiries.

### Purported Lien

10. The law regarding charging liens is clear. Since 2004 an attorney must comply with certain requirements to obtain a lien in a case. These specific requirements are delineated in Fletcher v. Davis (2004) 33 Cal4th. 61, 66 and include:

   a.   A writing signed by both parties (attorney and client).

   b.   Requirement that client seek or have time to seek or obtain independent counseling with a referral by attorney claiming the lien.

   c.   Fully informed consent of any conflict and adequate time to sign.

11. Statutory Authority. Further California Business and Professions Code §6148 which has been judicially noticed requires a writing **signed by the attorney** as well as the client and this was not done by Mr. Marcus or any attorney member of his firm (P100, L21) and contract date post 2004 **with no third party attorney to advise of lien so voidable by debtor.** No signature, no lien.

12. Also, counsel did not follow the California Rules of Professional Conduct namely Rules 3-300 and 3-310, an ethics violation that should be reported by the trier of fact, see Segovia, *infra*.

/ / /

3

Case 08-07659-LT7   Filed 02/08/10   Doc 25   Pg. 3 of 12

13. Assuming innuendo that absent a lien, an attorney is entitled to a reasonable fee that "claim" would be absolved at this juncture or be unsecured, more *infra*.

14. Invalid lien as not fully described, In re Segovia (Bankr ND Cal. 2008). The property subject to the lien must be adequately described. It was not. Further, lien not enforceable as an ethical violation. The facts in Segovia are substantially similar with the case at bar and debtor suggests the court read that case in full. **In the case at bar attorney never signed the contract. Nor was there any third party attorney consultation.**

15. Invalid lien as not perfected. A charging lien must first be perfected. Family law attorneys may file a Family Law Attorney's Real Property Lien (FLARPL, pronounced "flarr-pull"). This is a statutory lien and was not done in this case. Second, the lien must adequately describe the property and this was not accomplished. See In re Bush 356 BR 28 (Bankr SD Cal, 2006)

16. Simply stated there is no charging lien as voidable by debtor. At best Plaintiff has an unsecured claim which has been extinguished, Johnson v. Home State Bank 501 U.S. 78 (1991).

17. Creditor has not met any burden of proof by preponderance of evidence Grogan v. Garner 498 U.S. 279, 291 (1991) on either the 523 or 727 claim.

18. Date of Promise, alleged fraud. Creditor seems to claim that the date of promise was the date of the contract. If so the debtor did in fact make many payments including interim payments as well as payments over $20,000 (P68, L13- L21)(P69, L7 - L14)(P71). Further, even when the accounting person at MFLC called debtor re payments debtor asked what about the QDRO and no

4

further work was being done as monies were owed (no work done with no reliance upon any promise). Further still, MFLC has not **proven the date** of any false post-petition promise. At trial their **witness stated she did not know the date debtor promised to pay** (P134, L19-21).

19. Creditor has not met his burden per In re Dougherty, In re Kong, and Anastas at the time of the purported false representation must be specific and proven by a **preponderance of evidence.**

20. Burden of Proof not met on either 523 or 727 claim as no proof of 1) misrepresentation, fraudulent omission or deceptive conduct by debtor 2) knowledge of falsity of deception 3) intent to deceive 4) reliance by creditor In re Syman 234 F3d 1081 (9th, 2000).

21. Again, the asset was listed. There is no on going duty to give updated information to the trustee if listed, In re Adair 253 B.R.85 (9th, 2000). We note that in Adair the asset was listed as 'unknown' and later determined to be 20k.

22. A simple statement will suffice if actual value not known and this was enough information that was provided for the trustee to make inquiries, In re Wende 107 BR 70, 72. Debtor can testify the value is unknown. In Re Spitko 357 BR 272 (Bankr E.D. Pa. 2006). The trustee did not make any inquiry about this asset. He had enough information as the meeting was concluded. Again, MFLC did not attend the 341(a) nor do any other examination before filing.

23. The nature of debtor's cooperation is coextensive with the tasks to be performed by the trustee in administering the estate

5

Case 08-07659-LT7    Filed 02/08/10    Doc 25    Pg. 5 of 12

In re Nesse 137 BR 797, 800 (Bankr CD Cal, 1992) Cooperation must be construed broadly and required a debtor to respond whenever the trustee calls upon him for assistance in the performance of the trustee's duties Id. At 801.  A debtor will have fulfilled his 521 duties if he cooperates to the best of his ability. Absent a trustee's express request for additional or ongoing information, 521 does not impose upon a debtor the ongoing duty to provide information to the trustee with regard to assets the debtor disclosed in her bankruptcy schedules, Adair 253 BR 85 at 90.

24. What is unknown? Unknown listing.  Values of $1 or unknown are red flags and all trustees are on notice that an asset may turn out to be exempt, Collier on Bankruptcy ¶8.06(1)(c)(ii, see also In re Barross-Herrans 524 F.3d 341 (1st, 2008).  One cannot say that the trustee did not have knowledge of something.  In the case at bar the trustee was the best person at the time of filing to have any knowledge of the amount of pension interest not the debtor.  Again, the debtor was not sophisticated and certainly did not know how to proceed at that juncture in time.  The court has already noted that the trustee is not a party to this action.

25. Value of Asset is at time of filing, the completion of Schedules, In re Adair (9th BAP 2000) and debtor did not know the value as he relied upon his counsel (complicated matter, actuary needed) at that time and he did not honestly have knowledge. Further, the testimony indicated that the creditor attorney was to do the work to liquidate the QDRO.  When debtor inquired about status of QDRO debtor told by accounting person ...it was a complicated matter and would take time (P50, L17) (P54, L 6-9)

6

Case 08-07659-LT7  Filed 02/08/10  Doc 25  Pg. 6 of 12

[actuary required]. Debtor was frustrated in that he thought the work was being done and it was not (P64, L4-9) (P65, L25 -P66, L5). Simply stated the debtor did not know the amount of the pension at the time of filing and he disclosed all that he knew at that time.

### Court Discretion Considering Multiple Factors

26. Court's discretion if Asset Listed as unknown in a 727 case. If an asset is listed as unknown the court is given discretion whether this is sufficient. Generally this is done by "bad faith" cases where there are multiple errors in schedules, SOFA, where misrepresentations are made in an attempt to manipulate the court, In re Sullivan (1st BAP, 2005), see also In re Cabral (1st, 2002) examining debtor's sincerity and as a general rule whether or not sufficient information is given for a trustee to conduct an examination to locate the asset In re Krause (Bankr Kansas, 2009) with the general rule being the "totality of the circumstances" test, In re Yates (Bankr SD Cal 2009) examining multiple issues raised a debtor's demeanor and sincerity or whether or not attempts to evade the law or "game" the system.

27. Another test is whether or not the listing is so defective as to forestall a proper investigation of the asset In re Cusano 264 F.3d 936 [Cusano v. Klein] (9th, 2001). Here enough was provided for a trustee to examine as debtor was a public employee as was his ex and inquiries could be made of those pensions.

28. In fact he was led to believe by MFLC that "only any attorney could do it" "it being complicated" and only after talking to his ex wife's counsel that he was getting a good deal did he realize that the $9,000 he received was the amount (P52,

7

1  L12-15) which took place **AFTER FILING HIS BANKRUPTCY CASE.**
2  29. Months after filing he got the forms and figured it out post
3  filing per a side agreement with his wife (and her counsel) after
4  calling some administrator and talking to his ex (P 54, L6). He
5  was surprised in that all it took was one phone call to her
6  pension people [arguably with her consent or cooperation with
7  likely privacy issues as no discovery conducted] (P54-55) and it
8  happened after filing of the AP and in 2009 (P61, L19).
9  30. Creditor did not do the work toward the QDRO and **no**
10 **justifiable reliance** where someone at MFLC told debtor to pay
11 MFLC then file bankruptcy (P142, L25 - P 143, L9). The firm knew
12 that bankruptcy was an option when representation made, told
13 about "lien" pay us then file bk, In re Kirsch 973F.2d 1454, In
14 re Britton (1991) 950 F.2d 602, 604.
15 31. Debtor has done nothing with intent to hinder, delay or
16 defraud a creditor or officer of the estate 727(a)(2) made a
17 false oath (a)(4) or (5). No intent was proven.
18 32. At best the creditor has attempted a tracing cause of action
19 in some asset under the hope that a lien existed. With no lien
20 there is nothing. As to the 523(a)(2) action every attorney with
21 a so called charging lien would be able to do this in bankruptcy
22 court and claim assets rather than as unsecured discharged debt.
23 I do not believe this is the law.
24            **Specific Questions Court Made Inquiry or Desired**
25                       **Issues to be Addressed**
26 33. Does 727 action continue if no longer creditor of estate?
27 Simply stated no unless fraudulent omission within 1 year of
28 discharge 727(d) with action by "interested party" or trustee.

8

34. 727(a)(5) what is substantial? An interesting question. While many would believe inconsequential value argument including up to $5,000.00 (amount of abandonment by trustee due to costs of administration) the case law holds any amount over $1,000. <u>In re Yates</u>, supra, although there were other factors in that case and "totality of circumstances" test would be a better rule rather than strict dollar amount, see <u>Adair</u> case (unknown turning out to 20k later).

### 523 issues compared to 727

35. See also <u>In re Merena</u> 413 BR 792, 814 (9th, 2009) where materiality compared to actual assets distributed making some significant difference and on the issue of fraud, fraud must be actual (not proven here) on the relationship of 523 versus 727 rather than use this court's term "substantial" <u>Merena</u> court used "materiality" and related that to a false oath standard of perjury, ergo if perjury or likely perjury then 727 action, <u>Merena</u> at 814.

36. Court characterized Wife's pension as "zero value" and wanted to know what happens to that as it was disclosed at trial. Another interesting inquiry. Rather than do an amendment at this juncture we should simply advise the trustee. This may raise further issues as under past case law "unknown" does include exempt property and the time for trustee objection has passed. Debtor expended much time on the issue of what "unknown" has meant in past cases. Besides being a **red flag** placing trustee on notice of something in order to conduct his inquires and do his statutory 541 duties thus placing trustee on notice of something for any inquiry.

9

37. Unknown is the value at time of filing and the record indicates that debtor was in fact honest in that he <u>did not know the value</u> <u>at the time of filing</u>. He later found out the issue may not be that complicated (after having been told by **this creditor attorney** that he needed an attorney, possibly an actuary) and may be accomplished himself months after filing. If anyone was misled it was the debtor.

38. If court directs debtor's counsel to amend I will consider that direction or the court may advise the trustee of what transpired at trial. At this juncture it is best let go as the court did indicate that the debtor and creditor are the only players at this time, the trustee electing not to participate.

39. Whether 523(a)(2) claim viable? Debtor has addressed this in previous argument as well as law. First, creditor has not met his burden on issues of date of purported misrepresentation, actual fraud, even implied fraud (payments made, work stopped so no detrimental reliance). Of all of the necessary elements all creditor has proven was damage and that element is admitted by debtor in filing Schedules.

### Summary of Argument

40. Request court read **Fletcher v. Davis** on issue of attorney's responsibility to client to explain nature and duty of that relationship to create a lien. We argue an affirmative duty both ethically and legally to do more than what was done in this case.

41. Read the Bus. & Prof. Code Sections 3-300 and 3-310 re ethical duties of counsel. Again, not done.

42. No attorney signature at all.

/ / /

10

| | |
|---|---|
| 1 | 43. It is obvious Hobson's choice argument when retained by |
| 2 | staff. |
| 3 | 44. No FLARPL, statutory or judicial lien. |
| 4 | 45. Sufficient data shown to trustee to conduct meaningful |
| 5 | examination into affairs and debtor disclosed all he honestly |
| 6 | knew at time of filing. |
| 7 | 46. Insufficient proof re 523 case as well as 727 considering |
| 8 | debtor entitled to fresh start. |
| 9 | 47. We reserve our rights on the 523(d) issue pending this |
| 10 | court's decision to motion for fees.  We do request that the |
| 11 | court make specific findings, considering the foregoing law both |
| 12 | legal and ethical violations, that the creditor's position in |
| 13 | this matter was not substantially justified. |
| 14 | 48. For the foregoing reasons the AP should be denied. |
| 15 | |
| 16 | Dated: February 8, 2010             /s/ JOHN F. LENDERMAN |
| 17 |                                      JOHN F. LENDERMAN
                                       Attorney for Debtor |

11

Case 08-07659-LT7    Filed 02/08/10    Doc 25    Pg. 11 of 12

CSD 3010 [04/28/96]
Name, Address, Telephone No. & I.D. No.

JOHN F. LENDERMAN, 82269
Attorney at Law
303 S. Eighth Street
El Centro, CA 92243
Telephone: 760.353.7949

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re<br>SAMUEL E. SINGH<br><br>Debtor. | BANKRUPTCY NO. 08-07659-T7 |
|---|---|
| MARCUS FAMILY LAW CENTER, PLC<br><br>Plaintiff(s) | ADVERSARY NO. 08-90513 |
| v.<br>SAMUEL E. SINGH<br><br>Defendants(s) | |

## PROOF OF SERVICE

I, Monica Escalera _____, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that I served a copy of the following documents [describe each document served]:

POST TRIAL BRIEF

on _____ February 8, 2010 _____ by:
         [date]

☐ Mail Service - Regular, first class United States mail, postage fully pre-paid, addressed to:

☑ Personal Service - By leaving the documents with the following named person(s) or an officer or agent of the person(s) at:
  Hand delivery to: FERNANDO SILVA - Employee for Marcus Family Law Center
                    303 S. Eighth Street, El Centro, CA 92243

☐ Residence Service - By leaving the documents with the following adult at:

Under penalty of perjury, I declare that the foregoing is true and correct.

_____ February 8, 2010 _____                    /s/ Monica Escalera
         [Date]                                        [Signature]

| Print Name | Monica Escalera |
|---|---|
| Business Address | 303 S. Eighth Street |
| City, State, ZIP | El Centro, CA 92243 |

CSD 3010